McKinney, J,
delivered the opinion of the court.
This is an action of debt to recover the penalty of & marriage license bond. The bond is in pursuance of the act of 1778, ch. 7, sec. 3, with condition “that there is no lawful cause to obstruct the marrige of Lewis Rector and Elizabeth Smith.” The suit is against the *60 principal and one of the sureties in said bond, and is brought for the use of the father of said Elizabeth Smith. The breach assigned in the declaration is, the prior marriage of the defendant Rector, on the fourth day of April, 1840, in Johnson county, in this State, to one-Susan Widby, or Woodby, who was living and the wife of said Rector, at the time of the execution of the bond sued on, and of the pretended marriage of the defendant to said Elizabeth Smith.
The declaration in one of the counts, avers, that said Elizabeth was the child of the plaintiff; that she was a minor within the age of twenty-one years; and that, without the consent of the plaintff, and against his will, she was withdrawn from his house and custody, and the rites of matrimony solemnized between her and said defendant.
The declaration was demurred to, and the demurrer sustained, principally upon the ground that, upon the foregoing allegations, the daughter, and not the father, was “ the party grieved," within the meaning of the third section of the act above referred to. From the judgment of the circuit court, sustaining the demurrer, an appeal in error has been prosecuted to this court.
For the plaintiff it is argued, that he is entitled to maintain this action, because the marriage of a minor, under the age of twenty-one years, without the consent of the father, is illegal and a breach of the condition of the bond; and also, because the plaintiff was thereby deprived of the services of his daughter, to which, during her minority, he was entitled; and that he is, therefore, “ the party grieved ” in contemplation of law, and consequently entitled to sue for and recover the penalty of said bond.
*61 1. The phrase “lawful cause to obstruct a marriage,” we understand to mean, such cause as would make the marriage void ab initio, by reason of the parties, or either of them, at the time of the marriage, laboring under some one of the civil disabilities created by law. And to maintain a suit upen the bond, it must appear, not only that such disability existed, but likewise, inasmuch as there can only be one recovery upon the bond, that the person suing is, in judgment of law, “the party grieved.”
Is the want of consent of the father to the marriage of a child under the age of twenty-one years, lawful cause to obstruct or invalidate the marriage? We think not. The principle of the common law upon this subject, remains unchanged in this State. By the common law, males at the age of fourteen, and females at twelve, were competent to enter into the marriage relation, or, in the language of the books, were of the age of consent. And if the parties themselves were of the age of consent, there wanted no other concurrence to make the marriage valid; and this was agreeable to the canon law. 1 Bl. Com. 436, 437.
If a boy under fourteen, or a girl under twelve years -of age, marries, such marriage is only inchoate, and imperfect; and when either of them reaches the age of consent, he or she may disagree and declare the marriage void, without any divorce or sentence in the spiritual court. But, if at the age of consent the parties agree to continue together, it is so far a marriage, that they need not be married again, lb. The common law so remained until the 26 George 2 ch. 32, which enacted that all marriages celebrated by license, *62 without the consent of the father, or, if he be dead,, of the mother or guardian, shall be absolutely void.
This statute, which never was in force in this State, was repealed by the 4 George 4 ch. 76. And although the 16th section of the statute re-enacts the like provisions in respect to the consent of parents and guardians, except that it does not declare the marriage void, yet it is held to be only directory, and the want of such consent does not affect the validity of the marriage. See 1 Stephens N. P. 16. 8 B. and C. 29.
The only provision we find, in the Legislature of North Carolina or of this State, upon this subject, is contained in the 6th section of the Colonial act of 1741, ch. 1, which directs that the clerk shall take bond with security in the penalty of fifty pounds, that there is no lawful cause to obstruct the marriage; and in case of minors, if not heretofore married, the consent of the parent or guardian shall be personally given before the clerk, or signified under the hand and seal of the parent or guardian, attested by two witnesses. And by a subsequent clause, the clerk was subject to forfeit fifty pounds, if a license were issued contrary to said act. This requirement of the act of 1741, in respect to the consent of parents, is wholly omitted in the act of 1778, ch. 7, and is repealed thereby. But were it otherwise, the 6th section of the act of 1741, is merely directory to the clerk, and could not in the slightest degree affect the validity of the marriage for want of such consent.
It follows, therefore, that, in this State, a marriage entered into by parties of the age of consent, though under the age of twenty-one, is valid, without the consent of parent or guardian.
*63 2. Whether upon the facts alledged in the third count of the declaration, the plaintiff might not maintain the common law action for the loss of services of his daughter, is a question that does not arise upon this record.
If his right to do so were conceded, it is very clear that he could not, for that cause maintain an action upon the license bond; because, upon the facts set forth in the declaration, the law regards the female as “the party grieved,” and she alone is entitled to recover the penalty.
Whether a case might not occur in which the father would have a right to sue upon the bond, need not now be determined; it is enough to say that such is not the present case. Judgment affirmed.